UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN YORMAK,

    Plaintiff,

v.                                                                  Case No: 2:14-cv-660-FtM-38CM

SAM J. SAAD, III and LAW
OFFICE OF SAM J. SAAD III,
P.A.,

    Defendants/Third Party
    Plaintiffs

AGATA YORMAK,

    Third Party Defendant.

_____

ORDER

Before the Court is Defendants, Sam J. Saad III and Law Office of Sam J. Saad III, PA's Motion to Compel and for Sanctions (Doc. 24), filed on September 21, 2015. Plaintiff has not filed a response, and the time to do so has expired; therefore, the Motion is now ripe for review. For the reasons that follow, the Motion is due to be granted in part and denied in part.

This action arose out of an attorney-client relationship wherein Plaintiff and Third Party Defendant retained the Defendants/Third Party Plaintiffs ("Defendants") to defend Plaintiff in a partition action in the Circuit Court in Lee County, Florida. Plaintiff's operative complaint (Doc. 17) alleges: (1) fraudulent inducement of contract; (2) fraud; (3) malpractice and negligence; (4) breach of fiduciary duty,

confidentiality, and loyalty; (5) equitable promissory estoppel; and (6) breach of implied good faith. *See* Doc. 17. Defendants' counterclaim and third party claim, in turn, alleges a breach of contract. Doc. 18 at 9-10. This action was filed on November 12, 2014. Doc. 1.

Plaintiff is an attorney with thirty-three (33) years of litigation experience. Doc. 17 at 2. In this action, he appears *pro se*.[1] Defendants seek to compel Plaintiff to serve the initial disclosures required by Rule 26(a)(1) within seven days. Doc. 24 at 2. Prior to filing the Motion, Defendants sent electronic correspondence to Plaintiff requesting the initial disclosures, to which he responded "[i]t would appear that the disclosure you are requesting is protected by attorney-client privilege." Doc. 24 at 6-8. In their 3.01(g) certification, Defendants assert that they also conferred by telephone[2] with Plaintiff, "who stated that he does not have to serve the [i]nitial [d]isclosures based upon the attorney-client privilege." Doc. 24 at 4

Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure requires that

"[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan."

---

[1] The Court will take this opportunity to remind Plaintiff, who as an attorney should be aware, that even though he currently is proceeding *pro se*, it is mandatory that he proceed in accordance with Federal and Local Rules. The Court's Local Rules may be found at www.flmd.uscourts.gov. The website also contains a section entitled "Proceeding Without a Lawyer" that may assist Plaintiff as he continues to represent himself in this action.

[2] Defendants assert that they conferred with Plaintiff on Friday, September 28, 2015; however, the Motion was filed on Monday, September 21, 2015. The Court believes the September 28th date to be a typographical error, in that the preceding Friday was September 18, 2015, and therefore finds this certification to be valid.

The parties held a telephonic conference on January 16, 2015 at 3:00 p.m. with Plaintiff appearing *pro se* and Defendants appearing through their counsel. Doc. 13 at 2, ¶1. The parties filed a joint Case Management Report ("CMR") indicating they agreed to provide the mandatory initial disclosures by February 23, 2015. Doc. 13 at 1. It does not appear anywhere in the joint CMR that Plaintiff made an objection to the initial disclosures based on attorney-client privilege. See Doc. 13. On June 29, 2015, the Court entered a Case Management and Scheduling Order ("CMSO"), requiring the parties to exchange mandatory initial disclosures "immediately." Doc. 23 at 1.

Motions to compel and other discovery matters brought pursuant to Rule 37, Federal Rules of Civil Procedure, are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984); *Broadcast Music, Inc. v. Bourbon Street Station, Inc.*, 2010 WL 376619, at *1 (M.D. Fla. Jan. 26, 2010). The "purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts." *Broadcast Music, Inc.*, 2010 WL 376619, at *1 (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)). A party failing to provide the information required by Rule 26(a) has "[t]he burden of establishing that a failure to disclose was substantially justified or harmless." *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 824 (11th Cir. 2009) (quotation marks omitted).

When determining whether a failure was substantially justified or harmless, reviewing courts consider the non-disclosing party's explanation for the failure, the importance of the information and whether the opposing party is prejudiced by the discovery violation. *Lips v. City of Hollywood*, 350 Fed. Appx. 328, 340 (11th Cir. 2009) (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008)). Here, because Defendant did not respond to the motion, the Court is unaware of any reason why he cannot, or believes he should not, be required to comply with the CMSO.[3] Accordingly, the Court may consider the motion unopposed and order Defendant to provide the initial disclosure. *Broadcast Music, Inc.*, 2010 WL 376619, at *1.

Defendants also seek reasonable attorney fees and costs associated with bringing this Motion. Pursuant to Rule 37(a)(3)(A), Federal Rules of Civil Procedure, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." The rules mandate that if a motion to compel is granted the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.[4] Fed. R. Civ. P. 37(a)(5)(A). When a party makes a claim for fees,

---

[3] Based on the exhibits attached to Defendants' Motion, the Court is aware that Plaintiff believes he does not have to comply with the initial disclosure requirements and the CMSO based on attorney-client privilege; however, Plaintiff has not provided any response to the Motion to persuade the Court that his failure to provide the initial disclosure was substantially justified.

[4] The Court must not order the payment if: (i) the movant filed a motion before attempting in good faith to obtain the disclosure or discovery without court intervention; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

however, it is the party's burden to establish entitlement and document the appropriate hours and hourly rate. *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999), *citing Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Here, Defendant has provided no documentation as to the amount of time expended preparing the present Motion or the hourly rate. Accordingly, Defendant's request for attorney's fees is denied without prejudice.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants, Sam J. Saad III and Law Office of Sam J. Saad III, PA's, Motion to Compel and for Sanctions (Doc. 24) is **GRANTED in part and DENIED in part**.

2. On or before November 7, 2015, Plaintiff shall provide to Defendants the initial disclosure required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

3. Defendants' request for reasonable costs and attorney's fees is **DENIED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 30th day of October, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record